UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-00172-KDB
(5:18-cr-00005-KDB-DCK-1)

MICHAEL CLARENCE HOOD,    )
                          )
            Petitioner,   )
                          )
vs.                       )     **ORDER**
                          )
UNITED STATES OF AMERICA, )
                          )
            Respondent.   )
_____)

**THIS MATTER** is before the Court on Petitioner's "Motion to Re-Open Judicial Habeas Corpus Proceeding to Afford Petitioner a Meaningful Opportunity to be Heard." [Doc. 20]. For the following reasons, the Court finds that this is an unauthorized, successive petition, and the Court, therefore, denies the Motion.

**I.    BACKGROUND**

The Court has previously detailed most of the relevant factual and procedural background in this matter in its July 10, 2020 Order denying and dismissing with prejudice Petitioner's original Section 2255 Motion to Vacate, Set Aside or Correct Sentence. [See Doc. 11]. This Order is herein incorporated by reference. The Fourth Circuit Court of Appeals dismissed Petitioner's appeal. United States v. Hood, No. 20-7173, 2021 WL 4775935 (4th Cir. 2021).

On March 30, 2022, Petitioner filed the instant motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.[1] [Doc. 20]. Petitioner claims he is entitled to relief under Rule 60(b)(6) because the Court failed to appoint counsel for him and "did not construe his petition

---

[1] Federal Rule of Civil Procedure 60(b)(6) provides for post-judgment relief where the moving party demonstrates "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

under a liberal standard applied to pro se prisoners." [Id. at 2]. As to counsel, Petitioner asked the Court to appoint counsel, but before the Court ruled on his motion, Attorney S. Frederick Winiker, III, made an unqualified appearance as counsel of record for Petitioner and the Court did not address Petitioner's motion for counsel on the merits. [Doc. 10]. Petitioner now claims that Attorney Winiker only represented Petitioner in criminal forfeiture proceedings[2] and that Petitioner was denied a meaningful opportunity to be heard absent appointment of counsel. [Doc. 20 at 1-2]. On the issue of liberal construction, Petitioner argues that the Court failed to construe his pro se petition liberally, which resulted "in a fundamental defect in the underlying proceeding." [Id. at 2-3].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner purports to seek relief under Federal Rule of Civil Procedure 60(b)(6). [Doc. 20]. Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when

---

[2] The records Petitioner submits with the instant motion do not support this claim. Correspondence from Attorney Winiker reflects that he also represented Petitioner in the Section 2255 proceedings. [See Doc. 20-1 at 1-2]. Nonetheless, the Court assumes the veracity of Petitioner's claim for purposes of the instant motion.

2

failing to do so would allow the applicant to evade the bar against relitigation of claims presented in prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a Section 2255 motion). Regarding Rule 60(b) motions that are actually attempts at successive collateral review, the Fourth Circuit has stated:

> a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id. at 207.

Petitioner's motion here appears to do both. On the surface, Petitioner purports to seek a remedy for defects in the collateral review process. To the extent he does, the motion is without merit. Even if Attorney Winiker had not made an appearance for Petitioner, the Court would have denied Petitioner's motion for appointment of counsel. In Section 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel if necessary for effective discovery or if the matter proceeds to an evidentiary hearing. Id. There is, however, no constitutional right to the appointment of counsel in a Section 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The Court may appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). Neither discovery nor an evidentiary hearing were necessary in this case and Petitioner's motion to vacate was adequately presented to the Court. The Court would have denied the motion for counsel had it addressed it on the merits. In any event, the appointment of counsel for Petitioner would not have changed the outcome of the proceedings.

Plaintiff also seeks relief under Rule 60(b)(6) based on the Court's alleged failure to liberally construe the motion to vacate. Petitioner claims that in his motion to vacate he "inartfully sought to attack his plea as not knowing and voluntary." [Doc. 20 at 2]. This argument is also meritless. On appeal from the Court's Section 2555 Order, Petitioner argued that this Court failed to address Petitioner's claim that his counsel was ineffective in failing to explain Petitioner's plea agreement's forfeiture provision. The Fourth Circuit concluded that, "[t]o the extent [Petitioner] argues that the district court failed to construe his § 2255 motion liberally to include this claim, *the court addressed all claims reasonably contemplated by [Petitioner's] § 2255 motion*." Hood, 2021 WL 4775935, at *1, n*. Thus, on this claim, Petitioner improperly employs Rule 60(b)(6) to litigate claims not presented in his original motion to vacate, which he cannot do.

As such, Petitioner's motion must be construed as a Section 2255 motion to vacate, notwithstanding its caption. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (holding that Rule 60(b) motions are treated as successive habeas petitions); Everette v. United States, No. 5:04-cv-358, 2012 WL 4486107, at *2-3 (E.D.N.C. Sept. 28, 2012); United States v. MacDonald, 979 F. Supp. 1057, 1068 (E.D.N.C. 1997) (stating a motion to reopen is akin to a successive habeas petition). Since Petitioner has already filed a motion under Section 2255 and this Court has adjudicated the motion on the merits, Petitioner's instant motion is a "second or successive" motion under Section 2255. Winestock, 340 F.3d at 206.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255.

Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

**IV.   CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion [Doc. 20] is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

5

Case 5:18-cv-00172-KDB   Document 21   Filed 04/08/22   Page 5 of 6

**IT IS SO ORDERED**.

Signed: April 8, 2022

Kenneth D. Bell
United States District Judge